## H. B. TEED & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. November 12, 1903.)

### No. 3,322.

1. CUSTOMS DUTIES—CLASSIFICATION—FISH SKINNED OR BONED—CREAM OF CODFISH.

So-called cream of codfish, consisting of codfish skinned and boned, and subjected to the further process of cutting or shredding, is dutiable as "fish, skinned or boned," under Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 261, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651], and not as "fish in packages less than one-half barrel, and not specially provided for," under paragraph 258 of said act. 30 Stat. 171 [U. S. Comp. St. 1901, p. 1650].

Appeal by the Importers from a decision (G. A. 5130) of the Board of United States General Appraisers which affirmed the assessment of duty by the collector of customs at the port of New York.

Albert Comstock and Percy W. Crane, for importers.
D. Frank Lloyd, Asst. U. S. Atty.

TOWNSEND, Circuit Judge. The merchandise in question is fish, known as "cream of codfish." It was assessed for duty at 30 per cent. ad valorem under paragraph 258 of the tariff act of 1897,

c. 11, § 1, Schedule G, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1650], as "fish in packages containing less than half a barrel, not specially provided for." The importers protested, claiming that it was dutiable at one and one-fourth cents per pound, as "fish, skinned or boned," under paragraph 261 of the same act (30 Stat. 171 [U. S. Comp. St. 1901, p. 1651]). Inasmuch as there is no provision in paragraph 261, such as is found in paragraph 258, for fish "not otherwise specially provided for," the question as to which of these designations is more specific is not material. No testimony was taken on behalf of the government. The evidence shows that the merchandise is in fact skinned and boned fish, that the cleaning and boning process is the principal process for putting the fish into condition for shipment, and that the only further process to which it is subjected is one of cutting or shredding. It does not appear from the testimony that this shredding operation makes any material change in the article, which would take it out of the designation of fish. The preponderance of testimony indicates that the merchandise is known in trade as boneless, or skinned and boned, fish; but, even if this is not proved, it is abundantly proved that it is fish skinned and boned, and therefore specially provided for under paragraph 261 of said act.

The decision of the Board of General Appraisers is reversed.